[No. 2209]

# THE STATE OF NEVADA, RESPONDENT, *v.* R. WELLS AND JAMES STEELE, APPELLANTS.

### [159 Pac. 520]

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—NECESSITY—RIGHT OF ACCUSED.

    Under Stats. 1913, c. 209, sec. 2, requiring, in all cases where defendant has not had or waived a preliminary examination, that there be filed with the information an affidavit verifying it upon affiant's personal knowledge, and section 9 thereof, as amended (Stats. 1915, c. 17), providing that an information may be filed after preliminary examination, or waiver of it, but if accused has been discharged on preliminary examination, or the complaint upon which the examination has been held has not been delivered to the clerk, the district attorney may file an information, upon affidavit, of any person knowing of the offense, etc., but that such affidavit need not be filed where the defendant has waived a preliminary examination or upon such examination has been bound over, one accused of crime has a right to opportunity to either have or waive preliminary examination.

2. CRIMINAL LAW—PLEA—NOT GUILTY—WITHDRAWAL.

    A motion to set aside a plea of not guilty for the purpose of interposing a plea in abatement is addressed to the sound judicial discretion of the trial court.

3. CRIMINAL LAW—PLEA IN ABATEMENT—TIME AND ORDER OF PLEADING.

    The objection in a plea of abatement that no preliminary hearing on the charge was had or waived, and that no leave of court was obtained for the filing of the information, should be made before plea of not guilty is entered.

4. CRIMINAL LAW—APPEAL—REVIEW—DISCRETION OF TRIAL COURT—REFUSAL TO ALLOW WITHDRAWAL OF PLEA.

    The decision of the trial court on motion to withdraw a plea to the merits of an information for the purpose of interposing a plea in abatement will not be disturbed, where its discretion has been exercised without effecting a manifest injustice, and where there is no improper assumption of jurisdiction.

APPEAL from the Tenth Judicial District Court, Clark County; *Charles Lee Horsey,* Judge.

R. Wells and James Steele were charged with robbery. From a judgment and order denying their motion to withdraw pleas, they appeal. **Affirmed.**

*F. R. McNamee* and *Leo A. McNamee,* for Appellants:

It was error in the trial court to overrule appellants' motion for permission to withdraw their plea in order

that they might make a motion to have the information set aside on the ground that it appeared from the information and the affidavit attached that no preliminary hearing was had or waived, and that no leave of court was had or obtained for the filing of said information. It was the intention of the legislature that a preliminary hearing should be a prerequisite to the filing of an information, except in cases where the accused is discharged upon the hearing, or where the complaint has not been filed with the clerk, or where the preliminary examination has been waived. (Stats. 1913, c. 209; *State* v. *Belding,* 71 Pac. 330.)

*H. C. Price,* Deputy Attorney-General, for Respondent:

In this state, as in the United States generally, the right of prosecuting attorneys to file informations is now regulated by statute. (Stats. 1913, c. 209.)

The legislature had the right to provide for prosecutions by information without first giving the accused a preliminary examination. (*Territory* v. *Stroud,* 50 Pac. 255; *State* v. *Belding,* 71 Pac. 330; *State* v. *Guglialmo,* 79 Pac. 577.)

Leave of court is not necessary. (*State* v. *Kyle,* 56 L. R. A. 115.)

By the Court, McCARRAN, J.:

The appellants, being charged jointly with the crime of robbery in an information filed by the district attorney of Clark County, interposed a plea of "not guilty," and thereafter moved the court for permission to withdraw their plea, in order that they might make a plea in abatement.

1. The ground upon which appellants sought to attack the information was that no preliminary hearing on the charge was had or waived, and that no leave of court was had and obtained for the filing of said information. The law of this state applicable to prosecutions and punishment of crimes, misdemeanors, and offenses, by information, is found in Stats. 1913, p. 293. Section 2 of the act provides, among other things:

" \* \* \* In all cases in which the defendant has not had or waived a preliminary examination there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed."

It is the contention of the state, as the respondent in the matter at bar, that this provision of the statute contemplates that no preliminary examination need be held, and that a defendant charged by an information might be held and put to trial upon an information without opportunity for preliminary examination. Section 9 of the act of 1913 was amended by the legislature of 1915, and, as amended, reads as follows:

"An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law before a justice of the peace, or other examining officer or magistrate, and has been bound over to appear at the court having jurisdiction, or shall have waived his right to such preliminary examination. If, however, upon such preliminary examination the accused has been discharged, or the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process shall forthwith issue thereon. The affidavit mentioned herein need not be filed in cases where the defendant has waived a preliminary examination, or upon such preliminary examination has been bound over to appear at the court having jurisdiction. All informations shall set forth the crime committed according to the facts." (Stats. 1915, p. 16.)

If there be any ambiguity in section 2 of the original

act, it is clarified by section 9 as amended. The latter section, to our mind, contemplates one of two things: Either that a party accused of crime shall have opportunity for and avail himself of a preliminary examination; or, having opportunity for such preliminary examination, waives his right thereto. But that the opportunity must be afforded for a preliminary examination to one accused of crime appears to us to be the intendment of the act, especially as it is set forth in the amended section 9 of the act. The provisions of section 9, as we view it, only go to make operative and effective the provisions of the latter part of section 2. The first part of section 9 provides for the filing of an information against one who, having had a preliminary examination, has been bound over to appear at the court having jurisdiction, or who, having had opportunity for a preliminary examination, has waived his privilege in that respect. Under such conditions as this, the statute says: "No affidavit need be filed with the information." But section 9 makes provision for other conditions that might arise, as, for instance, where a party accused has had a preliminary examination and has been discharged by the committing magistrate, or where, after the preliminary examination, the affidavit or complaint upon which such examination was held has not been delivered to the clerk of the proper court. In either event an information may be filed, if it is accompanied by an affidavit of any one having personal knowledge and authorized by an order of the court having jurisdiction of the offense.

It is the contention of the state, as respondent herein, that the legislature intended that an information may be filed both where a preliminary examination was had and also where no preliminary examination took place. In our opinion, this contention may be well taken, and yet the right to a preliminary examination is one which a party accused is by the state accorded. The statute, both in section 2 and in the amended section 9, makes

waiver to a preliminary examination on the part of the party accused a condition precedent to certain things. This, to our mind, emphasizes the fact that the legislature intended that a party accused should have the right, if he saw fit, to waive his privilege of preliminary examination, but that he must have opportunity to waive such is patent. How can it be said that a party may waive a preliminary examination if the right to such preliminary is not afforded? If the right to a preliminary examination is not contemplated by the statute, why does it make provision for waiver? The answer to these propositions is conclusive that the statute contemplated the right of one accused by information to a preliminary examination.

2, 3. The motion to set aside the plea of "not guilty" for the purpose of interposing a plea in abatement, was addressed to the sound judicial discretion of the trial court. An objection such as that sought to be raised by appellants herein ought to be made before plea is entered. In the case of *State* v. *Collyer,* 17 Nev. 275, 30 Pac. 891, Mr. Justice Hawley, speaking for this court, said:

"If a wrong has been committed, the law intends that the party injured shall have a remedy; but where it provides the manner in which relief shall be given, the path pointed out should be followed. It is important, to the fair and impartial administration of justice, that the time for making such motions should be restricted. * * * By pleading to the indictment it will be considered that he consented to the irregularity, and thereby waived his right to make any objection to the method."

To the same effect are: *State* v. *Roderigas,* 7 Nev. 333; *State* v. *Larkin,* 11 Nev. 325.

4. In the case of *State* v. *Collyer, supra,* the court took occasion to observe that in the exercise of sound judicial discretion, where the motion is made in good faith before the trial commences, it would be the better practice to allow the plea to be withdrawn and give the defendant an opportunity to make his motion to quash the indictment, especially if the court was of the opinion

that there was any merit in the motion. We subscribe to this doctrine in its entirety. Nevertheless, the right to withdraw a plea to the merits of an information for the purpose of interposing a plea in abatement being a matter addressed to the sound judicial discretion of the court, its decision in that respect should not be disturbed, where, in this case, such discretion has been exercised without effecting a manifest injustice and where there is not an improper assumption of jurisdiction.

The order and judgment appealed from will be affirmed.

It is so ordered.