[No. 2564]

## THE STATE OF NEVADA, APPELLANT, *v.* W. L. TUCK, RESPONDENT.

[212 Pac. 1037]

1. CRIMINAL LAW — WHERE NO EVIDENCE HAD BEEN OFFERED, SUSTAINING OBJECTION ON GROUND OF UNLAWFUL SEARCH HELD ERROR.

In a prosecution for violating prohibition law, sec. 7, an objection to the introduction of evidence on the ground that affidavit for search warrant was on information and belief was improperly sustained, there being nothing in the objection which required the court to go behind the information and to inquire as to the unlawfulness of the search warrant or speculate as to how the state obtained its evidence, where no evidence had been tendered.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Proceeding by the State against W. L. Tuck. From a judgment dismissing the action, the State appeals. **Reversed.**

*Chas. A. Walker,* District Attorney, for Appellant:

No contention that the warrant, as a warrant of arrest, is insufficient or not supported by the proper affidavit can be raised after defendant pleaded to the information. The affidavit is not jurisdictional. Ex Parte Murray, 39 Nev. 351.

The sufficiency of the affidavit as a basis for the warrant of arrest cannot be questioned after defendant pleads. Ex Parte Murray, supra. The affidavit is sufficient. 17 Am. Cas. 228, and note; Kock v. District Court, 129 N. W. 740; Dupree v. State, 119 S. W. 301. " * * * It is not necessary that the facts upon which the belief was founded should be fully set out in the affidavit." Rose v. State, 87 N. E. 103.

*H. W. Edwards,* for Respondent:

The affidavit sworn to by affiant was insufficient, and the search warrant is therefore void, and it follows that the search of defendant's premises and the seizure of his property was a violation of his constitutional rights, and any evidence obtained by virtue of the void process was inadmissible in evidence against defendant upon the trial.

"A search warrant issued in a liquor case on an affidavit sworn to by the attorney-general on information and belief was wholly void." State v. Paterson, 99 N. W. 67. "The application is an ex parte proceeding and is in derogation of personal liberty; the least that can be required is that the applicant make an undoubted prima-facie case." Kappler v. Bank, 79 N. W. 871. "Evidence is required, and not merely suspicion and belief." State v. McGahey, 37 N. W. 866.

Evidence illegally obtained, in violation of a constitutional right, is inadmissible. U. S. v. Rykowski, 267 Fed. 867; Gouled v. U. S., 255 U. S. 298; Youman v. Commonwealth, 224 S. W. 860; People v. Mayhew, 182 N. W. 676; State v. Gibbons, 203 Pac. 390.

By the Court, SANDERS, J.:

The respondent, W. L. Tuck, without the advice of counsel, pleaded not guilty to an information charging him with the violation of section 7 of the prohibition act. Stats. 1919, p. 1. A jury was impaneled and sworn to try the case. When the state called its first witness, respondent, by his counsel, objected to any further proceedings or any evidence being offered in support of the charge, upon the ground that the affidavit for the warrant of arrest of respondent, praying therein for the search of respondent's premises, was not in compliance with the statute, it being the contention of counsel that the affidavit on information and belief was insufficient and the proceeding before the justice of the peace of Ely township No. 1, resulting in respondent being held to answer, was void, that any subsequent proceedings were of necessity illegal and void, and that respondent was privileged, at any stage of the trial in the district court, to object to the offer of any evidence in support of the charge.

The district court was of the opinion that any conviction that might be had under the information, for the reason stated in support of the objection, would be invalid, and thereupon dismissed the case, discharged the defendant, and exonerated his bail. The state appeals from said judgment.

The authorities are unanimous in holding that, to be available, an objection such as was interposed must be made before plea. State v. Wells, 39 Nev. 432, 159 Pac. 520. Furthermore, we are of the opinion that the objection, when no evidence has been tendered in support of the charge, did not call for a ruling in favor of the respondent and against the state. There was nothing in the objection calling upon the trial court to go behind the information and enter upon an inquiry as to the unlawfulness of the search warrant, or to speculate as to how the state had procured its evidence, when no evidence had been tendered.

The judgment is reversed.